**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

NELSON ESPINAL,

                Plaintiff,

-against-

MIDLAND CREDIT MANAGEMENT, INC.,

                Defendant.

**CIVIL ACTION**

**COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff NELSON ESPINAL (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through his attorneys, Daniel Cohen, PLLC, against Defendant MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "Defendant"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located in San Diego, California.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

14. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect on an unpaid account allegedly owed to Midland Funding LLC.

15. On or around December 20, 2017, Defendant sent Plaintiff a collection letter (hereinafter, the "Letter").  *See* Exhibit A.

16. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

18. The Letter stated a "**Current Balance**" and purported to offer Plaintiff a settlement opportunity.

19. However, the Letter implied to the least sophisticated consumer that interest was accruing on the unpaid balance, yet it failed to adequately comply with this Court's binding case law in disclosing same.

20. As set forth in the following Counts Defendant violated the FDCPA.

## First Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations as to Status of Debt

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

23. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

24. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

25. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

26. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

27. The Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must be inaccurate, in violation of 15 U.S.C. § 1692e.

28. By stating a "Current Balance" without further clarification, "Defendant did not meet the minimum standard set out by *Avila*, because the letter does not state when, if ever, the amount owed by the Plaintiff would increase."[1]

---

[1] *Thomas v. Midland Credit Management, Inc.*, 217CV00523ADSARL, 2017 WL 5714722, at *4 (E.D.N.Y. Nov. 27, 2017), stating that "[h]ere, the Defendant argues that Avila is inapplicable because the letter is clear that interest is not accruing. The Court disagrees...while the letter states that interest and fees are zero at the time the letter was sent, it does not state whether interest would accrue at a later date. This is further clouded by the fact that the letter classifies the amount owed as the "current balance," implying that interest may accrue.

29. Plaintiff's account was not subject to the accrual of interest, but by stating a "Current Balance," Defendant falsely suggested that immediate payment of the balance would benefit Plaintiff by implying that the Balance would be subject to change, and could be subject to additional interest.

30. In the alternative, Plaintiff's account was accruing contractual interest, but Defendant's communication failed to adequately disclose same in light of *Avila*.

31. The Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must be inaccurate, in violation of 15 U.S.C. § 1692e.

32. Defendant's conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

33. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e).

34. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) A declaration that Defendant violated the FDCPA;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

          Respectfully submitted,

          By: /s/ Daniel Cohen
          Daniel Cohen, Esq.
          Daniel Cohen, PLLC
          300 Cadman Plaza W, 12th floor
          Brooklyn, New York 11201
          Phone: (646) 645-8482
          Fax:    (347) 665-1545
          Email: Dan@dccohen.com
          *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

          */s/ Daniel Cohen*
          Daniel Cohen, Esq.

Dated:  Brooklyn, New York
       January 12, 2018